# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

IN RE:  LANCE Q. ELLIS EALY,

LARRY E. EALY,

                Petitioner,      :      Case No. 3:14-cv-263

   - vs -                                      District Judge Walter Herbert Rice
                                                 Magistrate Judge Michael R. Merz

JAMES R. BARRETT, et al.,

                                         :

                Respondents.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action under 28 U.S.C. § 2241 brought by Petitioner Larry E. Ealy as next friend of Lance Q. Ellis Ealy to obtain his release from custody.

28 U.S.C. § 2242 requires that an application for a writ of habeas corpus in federal court be "in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  The statute thus authorizes petitions brought by next friends and the federal courts have long treated parents as qualifying third-party petitioners.  See *Munaf v. Green*, 55 3 U.S. 674, 682 (2008); *Hamilton v. Texas*, 497 U.S. 1016 (1990).  The person in custody remains the real party in interest.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Larry Ealy thus has standing to bring this action on behalf of his son, at least provisionally.

The case can be readily resolved by examining the docket records of this Court.  Pending before The Honorable Michael R. Barrett is United States v. Lance Ealy, Case No. 3:13-cr-175.  Judge Barrett was randomly assigned to the case after District Judge Rice recused himself (Doc.

1

No. 30). On July 30, 2014, Judge Barrett revoked Lance Ealy's bond in the case (Doc. No. 77) and he thereby stands remanded to the custody of Peter C. Tobin, United States Marshal for the Southern District of Ohio. Larry Ealy has named Judge Barrett (sub nom. "James"), Assistant United States Attorneys Alex Sistla and Andrew Hunt, and Montgomery County Sheriff Phil Plummer as Respondents in this case. Sheriff Plummer maintains custody of federal prisoners from time to time on contract with Marshal Tobin. Marshal Tobin is the proper respondent in this case and the Court *sua sponte* substitutes him for the named Respondents.

The Petition claims the Court lacks subject matter jurisdiction of the case against Lance Ealy. On the contrary, the case was commenced by a Complaint charging Lance Ealy with violation of criminal laws of the United States. Lance Ealy continues to be charged with violations of the criminal laws of the United States by the grand jury for this District (Indictment, Doc. No. 18; First Superseding Indictment, Doc. No. 35). Federal district courts have exclusive original jurisdiction of federal criminal offenses.

To the extent the Petition questions personal jurisdiction, the docket in Case No. 3-13-cr-175 shows that Lance Ealy was arrested in that case on an arrest warrant issued by The Honorable Michael J. Newman, United States Magistrate Judge, on October 30, 2013 (Doc. Nos. 4, 5). Lance Ealy appeared initially before Magistrate Judge Newman on October 30, 2013, and was remanded by him to temporary custody pending a hearing on the Government's Motion for Pretrial Detention (Doc. Nos. 6 and 7).

Lance Ealy then appeared for hearing before The Honorable Sharon L. Ovington, Chief Magistrate Judge, on November 4, 2013 (Minute Entry, Doc. No. 10). Judge Ovington denied the Government's Motion for Detention and released Lance Ealy on an Order Setting Conditions of Release (Doc. No. 11), thus continuing the Court's exercise of personal jurisdiction over

Lance Ealy.

On Motion of the United States to revoke Lance Ealy's bond, Judge Barrett first ordered it modified (Doc. Nos. 36, 37, 55, 65).  Then on July 25, 2014, Judge Barrett granted the Motion to Revoke and remanded Lance Ealy to the custody of the Marshal where he remains awaiting trial (Doc. Nos. 76, 77).

The cause of Lance Ealy's custody being fully shown by the docket records of this Court, it is respectfully recommended that the Petition for Writ be dismissed.


August 11, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).