# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

IN RE:  LANCE Q. ELLIS EALY,

LARRY E. EALY,

                Petitioner,        :        Case No. 3:14-cv-263

    - vs -                                    District Judge Walter Herbert Rice
                                                  Magistrate Judge Michael R. Merz

JAMES R. BARRETT, et al.,

                                            :

                Respondents.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This habeas corpus action under 28 U.S.C. § 2241 is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed (Doc. No. 3).  Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 6).

       Petitioner objects that he did not consent to the reference of this matter to a United States Magistrate Judge (Objections, Doc. No. 5, PageID 70).  That is correct, but no consent of any party is needed for a reference to a Magistrate Judge under 28 U.S.C. § 636(b) which was the basis of the referral in this case.  See Dayton General Order No. 13-01, available on the Court's website at www.ohsd.uscourts.gov.

       Petitioner objects that the Magistrate Judge should have entered a recommended disposition with proposed findings of fact.  The Report and Recommendations (Doc. No. 3) do precisely that.  They recommend finding as a matter of fact from the docket records of this Court

1

that Lance Ealy is in the custody of the United States Marshal for this District on order of The Honorable Michael R. Barrett, the United States District Judge, to whom Lance Ealy's criminal case is presently assigned.

Petitioner's Objections then recite many reasons why he believes Judge Barrett's revocation of Lance Ealy's bond is in error (Objections, Doc. No. 5, PageID 71-74).  The proper forum for raising those concerns is by way of a motion to review the order to Judge Barrett under 18 U.S.C. § 3142(b) or by way of appeal to the United States Court of Appeals for the Sixth Circuit under 18 U.S.C. § 3142(c).  While the writ of habeas corpus does extend to prisoners in custody by reason of a commitment pending trial before a federal court, 28 U.S.C. § 2241(c)(1), Petitioner cites no authority for the proposition that a District Judge should ever exercise that authority to interfere with the jurisdiction of the committing judge.

The Petition should be dismissed.

August 25, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).